1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  IRMA SALINAS,                    )  Case No. CV 11-4478-SP
                                     )
12            Plaintiff,             )
                                     )
13      v.                           )  **MEMORANDUM OPINION AND**
                                     )  **ORDER**
14  MICHAEL J. ASTRUE,               )
    Commissioner of Social Security  )
15  Administration,                  )
                                     )
16            Defendant.             )
                                     )
17                                   )
                                     )
18  ─────────────────────────────────

19                        **I.**

20                 **INTRODUCTION**

21      On June 3, 2011, plaintiff Irma Salinas filed a complaint against defendant

22  Michael J. Astrue, seeking a review of a denial of Disability Insurance Benefits

23  ("DIB").  Both plaintiff and defendant have consented to proceed for all purposes

24  before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).  The parties'

25  briefing is now complete, and the court deems the matter suitable for adjudication

26  without oral argument.

27      The sole issue presented for decision here is whether the Administrative Law

28  Judge ("ALJ") properly evaluated plaintiff's credibility and subjective symptoms.

Pl.'s Mem. at 4-14; Def.'s Mem. at 3-8.  Having carefully studied, inter alia, the parties' written submissions and the Administrative Record ("AR"), the court concludes that, as detailed herein, the ALJ appropriately discounted plaintiff's credibility and her subjective complaints based upon clear and convincing reasons. The court therefore affirms the Commissioner's decision denying benefits.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was fifty years old on the date of her April 6, 2010 administrative hearing, has a high school degree and some college education.  *See* AR at 56, 206.  Her past relevant work includes employment as a typist, administrative clerk, and cashier.  *Id.* at 56-60, 72-73.

Plaintiff applied for DIB on July 2, 2008, alleging that she has been disabled since May 8, 2007 due to mild osteoarthritis, and lower back injury and pain.  *See* AR at 21, 80, 85.  Plaintiff's application was denied initially, after which she filed a request for a hearing.  *Id.* at 80, 85-89, 90-94.

A total of three administrative hearings were held.  The first two hearings – held on May 11 and October 27, 2009 – were continued to allow for additional medical evidence to be submitted.  AR at 39-46, 49-52.  On April 6, 2010, plaintiff, proceeding pro se, appeared and testified at a hearing before the ALJ.  *Id.* at 55-68, 71-72, 74, 76-78.  The ALJ also heard testimony from Dr. Thomas J. Maxwell, a medical expert ("ME"), and Rheta Baron King, a vocational expert ("VE").  *Id.* at 68-71, 72-78; *see also id.* at 140-43, 144.  On May 25, 2010, the ALJ denied plaintiff's request for benefits.  *Id.* at 21-34.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff engaged in substantial gainful activity from May 8, 2007 through June 2008.  AR at 24.  The ALJ also found that plaintiff "did not engage in substantial gainful activity . . . from July 2008 through the present." *Id.* at 25 (emphasis omitted).

At step two, the ALJ found that plaintiff suffers from severe medically determinable impairments consisting of: "degenerative disc disease of the lumbosacral spine; degenerative joint disease of the lumbosacral spine; and a history of being overweight." AR at 25 (emphasis omitted). The ALJ also found that plaintiff suffers from a depressive disorder, but that this impairment is non-severe. *Id.*

At step three, the ALJ determined that the evidence does not demonstrate that plaintiff's impairments, either individually or in combination, meet or medically equal the severity of any listing set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR at 26.

The ALJ then assessed plaintiff's residual functional capacity ("RFC")[1] and determined that she can lift twenty pounds occasionally and ten pounds frequently. AR at 27. The ALJ further found that:

> She has no limitations on the abilities to stand, walk, or sit. Her ability
> to push and pull is limited to twenty pounds. She can frequently climb,
> balance, kneel, crouch, crawl, and stoop. She has only slight
> limitations in the abilities to understand, remember, and carry out
> detailed instructions; make judgments on simple work-related
> decisions; and respond appropriately to changes in a routine work
> setting. Here, "slight" is defined as some mild limitations in this area,
> but the individual can generally function well. The evidence does not
> establish any other limitations.

_____

[1] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

1  *Id.* (emphasis omitted).

2      The ALJ found, at step four, that plaintiff is capable of performing past

3  relevant work as a typist, administrative clerk, and cashier-checker.  AR at 32.

4      The ALJ proceeded on to step five to make alternative findings.  Based upon

5  plaintiff's vocational factors and RFC, the ALJ found that plaintiff "has acquired

6  work skills from past relevant work that are transferrable to other occupations with

7  jobs existing in significant numbers in the national economy."  AR at 33 (emphasis

8  omitted).  The ALJ therefore concluded that plaintiff was not suffering from a

9  disability as defined by the Social Security Act.  *Id.* at 22, 34.

10      Plaintiff filed a timely request for review of the ALJ's decision, which was

11  denied by the Appeals Council.  AR at 1-3, 12.  The ALJ's decision stands as the

12  final decision of the Commissioner.

13                          **III.**

14                  **STANDARD OF REVIEW**

15      This court is empowered to review decisions by the Commissioner to deny

16  benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security

17  Administration must be upheld if they are free of legal error and supported by

18  substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

19  But if the court determines that the ALJ's findings are based on legal error or are

20  not supported by substantial evidence in the record, the court may reject the findings

21  and set aside the decision to deny benefits.  *Aukland v. Massanari*, 257 F.3d 1033,

22  1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

23      "Substantial evidence is more than a mere scintilla, but less than a

24  preponderance."  *Aukland*, 257 F.3d at 1035.  Substantial evidence is such "relevant

25  evidence which a reasonable person might accept as adequate to support a

26  conclusion."  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276

27  F.3d at 459.  To determine whether substantial evidence supports the ALJ's finding,

28  the reviewing court must review the administrative record as a whole, "weighing

                          4

1  both the evidence that supports and the evidence that detracts from the ALJ's

2  conclusion." *Mayes*, 276 F.3d at 459.  The ALJ's decision "'cannot be affirmed

3  simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d

4  at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)).  If the

5  evidence can reasonably support either affirming or reversing the ALJ's decision,

6  the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.*

7  (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

8                                          **IV.**

9                                  **<u>DISCUSSION</u>**

10          Plaintiff argues that the ALJ failed to properly assess her credibility.  *See* Pl.'s

11  Mem. at 4-14.  Specifically, plaintiff maintains that "[t]he ALJ d[id] not offer a

12  single legally sufficient reason to reject [her] testimony." *Id.* at 6.  Having carefully

13  reviewed the record, the court disagrees with plaintiff.

14          A claimant carries the burden of producing objective medical evidence of his

15  or her impairments and showing that the impairments could reasonably be expected

16  to produce some degree of the alleged symptoms.  *Benton ex rel. Benton v.*

17  *Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).  But once the claimant meets that

18  burden, medical findings are not required to support the alleged severity of pain.

19  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); *see also Light v.*

20  *Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("claimant need not present

21  clinical or diagnostic evidence to support the severity of his pain" (citation

22  omitted)).

23          Instead, once a claimant has met the burden of producing objective medical

24  evidence, an ALJ can reject the claimant's subjective complaint "only upon (1)

25  finding evidence of malingering, or (2) expressing clear and convincing reasons for

26  doing so." *Benton*, 331 F.3d at 1040.  The ALJ may consider the following factors

27  in weighing the claimant's credibility: (1) his or her reputation for truthfulness; (2)

28  inconsistencies either in the claimant's testimony or between the claimant's

1    testimony and his or her conduct; (3) his or her daily activities; (4) his or her work

2    record; and (5) testimony from physicians and third parties concerning the nature,

3    severity, and effect of the symptoms of which she complains. *Thomas v. Barnhart*,

4    278 F.3d 947, 958-59 (9th Cir. 2002).

5         Here, the ALJ did not find evidence of malingering. *See generally* AR at 21-

6    34. Thus, in rejecting plaintiff's credibility the ALJ was required to articulate clear

7    and convincing reasons. *See Benton*, 331 F.3d at 1040. Having carefully reviewed

8    the record, the court finds that the ALJ provided several clear and convincing

9    reasons for discounting plaintiff's subjective complaints.

10        First, although plaintiff alleges that she can only walk ten to fifteen feet, stand

11   forty-five minutes, and sit one hour, that she cannot "bend, twist, lift anything over

12   10 lbs," and that her pain "prevents [her] from doing [her] normal duties on a daily

13   basis" (AR at 210, 217, 237), the ALJ found that the objective medical evidence

14   does not support plaintiff's alleged degree of disability. *Id.* at 30-31. Specifically,

15   the ALJ found that "no examining or reviewing physician has rendered an opinion

16   fully supporting [plaintiff's] allegations. In fact, several find her to be much more

17   capable than she claims." *Id.* at 31; *see Batson v. Comm'r*, 359 F.3d 1190, 1197

18   (9th Cir. 2004) (lack of objective medical evidence supporting a claimant's

19   descriptions of pain and limitations negatively affected the claimant's credibility

20   regarding his inability to work); *Thomas*, 278 F.3d at 959 (same). Although a lack

21   of objective evidence supporting plaintiff's symptoms cannot be the sole reason for

22   rejecting her testimony, it can be one of several factors used in evaluating the

23   credibility of her subjective complaints. *See Rollins v. Massanari*, 261 F.3d 853,

24   856-57 (9th Cir. 2001).

25        Second, the ALJ properly discredited plaintiff's subjective complaints as

26   inconsistent with her conservative treatment. *See* AR at 31 ("[plaintiff] has had

27   only routine and conservative treatment . . . [, which] appears to be inconsistent with

28   the allegations of severe, painful, and debilitating conditions"). Indeed, plaintiff

1  stated in her Pain Questionnaire that her treatment consisted of: "us[ing] a back

2  support"; applying "icy-hot on [her] back when needed"; "put[ting] cold pads on

3  [her] back"; and acupuncture.  *Id.* at 216.  Plaintiff further testified that she "take[s]

4  [her] medication only when [she has] the severe pain" and that she "takes the

5  muscle spasm[] [medication] in the evening."  *Id.* at 63; *see also id.* at 302-15

6  (record of plaintiff receiving physical therapy in 2007).  "[E]vidence of

7  'conservative treatment' is sufficient to discount a claimant's testimony regarding

8  severity of an impairment."  *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007)

9  (citation omitted); *see Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ

10  properly considered, as part of credibility evaluation, claimant's failure to request

11  medical treatment commensurate with the "supposedly excruciating" pain alleged,

12  and the "minimal, conservative treatment" (citation omitted)); *Fair v. Bowen*, 885

13  F.2d 597, 604 (9th Cir. 1989) (ALJ permissibly considered discrepancies between

14  the claimant's allegations of "persistent and increasingly severe pain" and the nature

15  and extent of treatment obtained).

16        Notwithstanding this history of conservative treatment, more recent medical

17  evidence suggests less conservative treatment.  For instance, on September 8, 2010,

18  plaintiff underwent an epidural steroid injection.  AR at 463-64; *see, e.g.*, *Yang v.*

19  *Barnhart*, 2006 WL 3694857, at *4 (C.D. Cal. 2006) (ALJ's finding that claimant

20  received conservative treatment was not supported by substantial evidence when

21  claimant was treated with, inter alia, epidural injections).  But although a district

22  court considers on appeal both the ALJ's decision and new material evidence,[2] the

23  evidence must "relate[] to the period on or before the date of the [ALJ's] decision."

24  20 C.F.R. § 404.976(b)(1).  Because the evidence of more aggressive treatment

25  post-dates the ALJ's decision on May 25, 2010, this court may not entertain such

26  evidence in its decision.

27  _____

28        [2]  *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993) (citations omitted).

Third, the ALJ properly discounted plaintiff's subjective complaints based upon ordinary techniques of trustworthiness determination, such as contradictions between plaintiff's testimony and her conduct. *See* AR at 24-25, 31; *see also Thomas*, 278 F.3d at 958-59 (when weighing a claimant's credibility, the ALJ may consider inconsistencies between the claimant's testimony and her conduct). Despite alleging that she has been disabled since May 8, 2007, the ALJ noted that plaintiff "did not stop working due to disability." AR at 31. Plaintiff was able to return to work with modified duties about one week after her alleged disability onset date. *Id.* at 61. Plaintiff was, however, subsequently placed on medical leave for approximately five months, from May 2007 through September 2007. *Id.* at 31, 61. Plaintiff then "returned to work part time on September 4, 2007, 4 hours per day and 5 days per week. On April 25, 2008, [her] work schedule increased to 8 hours per day and 4 days per week." *Id.* at 200. In fact, as noted by the ALJ, "the cessation of work activity [in June 2008] was the result of a generalized layoff with ten other individuals," not because of plaintiff's alleged disability. *Id.* at 31; *see also id.* at 273 (Dr. Rossana Natividad opined that plaintiff could "start working 8 hours per day, 4 days a week starting April 1, 2008 to January 1, 2009"). The ALJ therefore found that "this discrepancy [between plaintiff's work history and her alleged inability to work] damages [her] credibility." *Id.* at 31. This is a clear and convincing reason.

Fourth, the ALJ properly rejected plaintiff's credibility based upon her inconsistent statements regarding her allegations of pain. *See Tonapetyan*, 242 F.3d at 1148 (ALJ may engage in ordinary techniques of credibility evaluation, such as considering inconsistencies in a claimant's testimony). In this case, as the ALJ noted, although plaintiff told Dr. Jose Senador "that she would feel tingling sensation in the right lower extremity after prolonged sitting . . . Dr. Senador found that in another doctor's report, [plaintiff] indicated that her pain would radiate towards her left thigh." AR at 31 (citing AR at 428). This is also a clear and

convincing reason.

Fifth, the ALJ properly discounted plaintiff's credibility based upon his finding that plaintiff's reports of her daily activities are inconsistent with the degree of pain and impairment plaintiff alleges. *See* AR at 31. Plaintiff is of course correct that the fact that she can perform some activities does not by itself mean that plaintiff is not disabled, and the ALJ recognized this. *See id.* ("The ability to engage in some normal daily activities does not prove that one is able to perform competitive work on a regular and continuous basis."). But the ALJ here properly compared plaintiff's statements about her daily activities with her subjective complaints for the limited purpose of determining her credibility. Having found that her specified daily activities involve "the performance of functions readily transferrable to competitive work," the ALJ properly concluded plaintiff "has better physical and mental capacities than she has stated." *See id.* Although plaintiff repeatedly cites to *Reddick* for the proposition that "[o]nly if the level of activity were inconsistent with Claimant's claimed limitations would these activities have any bearing on Claimant's credibility" (*Reddick*, 157 F.3d at 722; *see* Pl.'s Mem. at 9-10), that is precisely what the ALJ found here. Consequently, the ALJ properly determined these inconsistencies indicated plaintiff "has not been completely frank." *See* AR at 31.

Given all of these legitimate reasons for discounting plaintiff's credibility stated by the ALJ, the court finds that the ALJ did not fail to provide clear and convincing reasons for rejecting plaintiff's subjective complaints of pain and limitation.

1

**V.**

2

**CONCLUSION**

3

    IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING

4

the decision of the Commissioner denying benefits, and dismissing this action with

5

prejudice.

6

7

Dated: April 23, 2012

8

_____

9

SHERI PYM

10

UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28